Compiler

OF GUAM
2012 NOV -8 PM 2: 48

# IN THE SUPERIOR COURT OF GUAM

IN THE MATTER OF THE ESTATES )    PROBATE CASE NO. PR0024-10
                                 )
                                 )
        OF                     )    **DECISION AND ORDER**
                                 )
                                 )
JOSE TAITANO GUTIERREZ and    )
FLORENCE S. GUTIERREZ,        )
                                 )
                  Deceased.  )
                                 )

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 17th day of August, 2012, for hearing on the Petitioner's Motion to Reconsider, filed June 5, 2012, in which all heirs except Franklin J. Gutierrez joined. Attorney Wilfred R. Mann represented Franklin J. Gutierrez, who opposed the motion. Attorney John C. Terlaje represented the Petitioner, Harry Dean Gutierrez, and the remaining heirs. The Court now issues the following Decision and Order on the matter presented.

## FACTUAL AND PROCEDURAL HISTORY

On January 22, 1999, Jose Taitano Gutierrez died, survived by his wife, Florence S. Gutierrez. Florence S. Gutierrez died on February 17, 2010. On March 3, 2010, the Petitioner, Harry Dean Gutierrez filed an Ex Parte Petition for Special Letters of Administration, labeling the single case "In the Matter of the Estates of Jose Taitano Gutierrez and Florence S. Gutierrez," and requesting letters of administration in two estates, one for each deceased parent, despite the fact that Jose Taitano Gutierrez had passed nearly eleven years prior, and the

Petitioner filed only a single probate case. Thereafter, another heir, Franklin J. Gutierrez, filed an opposition to the Petition for Special Letters of Administration, and on March 15, 2011, filed his own request for probate of a purported holographic will of Florence S. Gutierrez, annexed to a petition for letters of administration. On April 12, 2011, Petitioner filed a contest to the probate of the purported will and opposition to the issuance of letters of administration to Franklin J. Gutierrez. On May 21, 2012, the Court issued a Findings of Fact and Conclusions of Law finding that the document produced by Franklin J. Gutierrez is, in fact, a holographic will, which names Franklin J. Gutierrez as the executor of the estate(s) of his parent(s).

## DISCUSSION

Harry Dean Gutierrez, along with all of the other heirs, has filed a "Motion to Reconsider" the Findings of Fact and Conclusions of Law and issued May 21, 2012, finding that Florence S. Gutierrez died testate, and appointing Franklin Gutierrez as the administrator for both the estates of Florence s. Gutierrez and Jose T. Gutierrez. Harry Dean Gutierrez and the other heirs claim that the Court made two "clear" errors under both Rule 59(e) and Rule 60(b): 1) the Court failed to hold a hearing as required under 15 GCA § 1515 to allow Harry Dean Gutierrez and the other heirs to contest the appointment of Franklin Gutierrez as executor; and 2) Jose Gutierrez did not die testate, because he never signed the holographic will at issue. Therefore, it was error to appoint Franklin Gutierrez as executor to the estate of Jose T. Gutierrez, and his appointment as executor should have been limited to the estate of Florence S. Gutierrez, if appointed at all.

Harry Dean Gutierrez does not find error with the portion of the Findings of Fact and Conclusions of Law and separate Judgment granting probate to the holographic will of Florence S. Gutierrez. Harry Dean Gutierrez finds error with the portion of the Findings of Fact and Conclusions of Law's appointment of Franklin J. Gutierrez as executor to the estate of Florence S. Gutierrez, allegedly without hearing, and with the appointment of Franklin J. Gutierrez as executor to the estate of Jose T. Gutierrez. Harry Dean Gutierrez challenges the Findings of Fact and Conclusions of Law issued on May 21, 2012, and presumably also challenges the judgment issued the same day, based thereon.

As Harry Dean Gutierrez is arguing error, Rules 59(e) and 60(b)(1) are applicable.

Rule 59(e) provides in relevant part, "Motion to Alter or Amend Judgment. A motion to alter or amend judgment shall be served not later than 10 days after entry of the judgment." Guam R. Civ. P. 59(e) (2012). Rule 59(e) grants a court the discretion to relieve a party from judgment when the court is presented with new evidence, the decision is manifestly unjust or is incorrect, or there is an intervening change in controlling law, provided that the party moves for relief not more than ten days after a judgment was entered. Ward v. Reyes, 1998 Guam 1 ¶ 2 (citing School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993) *cert. denied*, 512 U.S. 1236 (1994)).

Rule 60(b) provides in relevant part:

> Mistakes, Inadvertence, Excusable Neglect, Newly Discovered Evidence, Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:(1) mistake, inadvertence, surprise, or excusable neglect; . . . .The motion shall be made within a reasonable time, and for reasons (1), (2), (3) not more than one year after the judgment, order, or proceeding was taken.

Guam R. Civ. P. 60(b)(1) (2012).

The motion is timely under both rules, and only raises "error" as the basis for relief. The Supreme Court of Guam has held, "[i]t is well established that under either rule, the standard of review is identical." Rong Chang Company, Ltd., Inc. v. M2P, Inc., 2012 Guam 1 ¶ 18 (citing Sch. Dist. No.1J, Multanomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993) (citing Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991)).

Many jurisdictions have taken a firm stance against the utilization of Rules 59(e) and 60(b) to address errors fact or law made by the court, typically holding that the finality of decisions or judgments must take precedence, and a party seeking to overturn a ruling on a matter of law must appeal the decision. Rules 59(e) and 60(b) were not intended as a substitute for a direct appeal from an erroneous decision. Benson v. St. Joseph Regional Health Center, 575 F.3d 542, 546–48 (5th Cir. 2009). The fact that an attorney believes that a decision is erroneous does not constitute a ground for relief under the rules. Silk v. Sandoval, 435 F.2d

1266, 1267–68 (1st Cir.1971); *accord* Matter of Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984); Tribble v. Bruin, 279 F.2d 424, 427 (4th Cir.1960); Swam v. United States, 327 F.2d 431, 433 (7th Cir.1964) *cert. denied*, 379 U.S. 852 (1964); and Hartman v. Lauchli, 304 F.2d 431, 432 (8th Cir. 1962).

Even in jurisdictions allowing relief for judicial "errors," the conclusions or interpretations of the court after considering applicable law and arguments do not constitute "mistake" or "error" justifying relief within the purview of Rule 60(b). *See, e.g.*, United States v. 31.63 Acres of Land, 840 F.2d 760, 761–62 & n.4 (10th Cir. 1988)(argument that ruling was based on a misapplication of the law does not provide a basis for relief under Rule 60(b)); and Alvestad v. Monsanto Co., 671 F.2d 908, 913 (5th Cir. 1982)(argument that district court misinterpreted the law does not come within the ambit of Rule 60(b)). Thus, where a court has carefully considered all arguments and applicable authority, and merely reaches an alleged "flawed" conclusion, relief may not be granted on the basis of judicial mistake or error under Rule 60(b).

Instead, relief under Rule 60(b)(1) in these jurisdictions is limited to situations in which the error alleged is simple mistake or inadvertence. The rule has "generally been construed to govern errors of law properly characterized as judicial 'oversight' such as 'overlooking controlling statutes or case law.'" Matter of Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984). These courts have found that the purpose of Rule 60(b)(1) "is to permit the trial court to reconsider and correct 'obvious errors of law' without forcing the parties to engage in the machinery of appeal." United States v. 329.73 Acres of Land, 695 F.2d 922, 925 (5th Cir. 1983) (quoting Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977)). Such obvious errors of law include instances where a court's determination is clearly at odds with the plain wording of a statute, such as the failure to apply a limiting provision, or an award in excess of the statutory maximum. *See* Meadows v. Cohen, 409 F.2d 750, 753 (5th Cir. 1969); Caraway v. Sain, 23 F.R.D. 657, 659–660 (N.D.Fla. 1959).

1) Allegation that the Court Erred Because it Did Not Hold The Hearing Required Under 15 GCA § 1515

In its Findings of Fact and Conclusions of Law, the Court specifically found that "proper notice and hearing have been held pursuant to 15 GCA §§ 3401, 1515, and 1607." In the Matter of the Estates of Jose Taitano Gutierrez and Florence S. Gutierrez, Probate Case No. PR0024-10, Findings of Fact and Conclusions of Law, p. 9, lines 3–5 (May 21, 2012). In fact, the Court held several hearings to allow the parties to contest each other's petitions for letters of administration, including a hearing on the merits of Franklin Gutierrez's petition on April 23, 2010, a hearing on the merits of Harry Gutierrez's petition on March 30, 2011, and a full evidentiary hearing on the merits of the issuance of letters of administration on June 10, 2011. There were also complementary proceedings in Probate Case No. PR0028-10, entitled, "In the Matter of the Estate of Florence S. Gutierrez, wherein Franklin filed a petition for letters of administration and the proper notices therefore on March 10, 2010, and March 18, 2010. Harry Dean Gutierrez filed an objection to the issuance of letters in PR0028-10 on April 2, 2010. The hearing was scheduled for April 23, 2010, in full compliance with 15 GCA § 1515, but Harry Dean Gutierrez's attorney did not appear because he was off-island, and Franklin J Gutierrez's attorney agreed to a continuance as a "professional courtesy." The Court then ordered that no further notices needed to be sent by Franklin J. Gutierrez, as the motion had been properly noticed under the statute, but re-scheduled as a favor to Harry Dean Gutierrez's attorney. PR0028-10 was subsequently dismissed pursuant to a request to consolidate the case with the originally filed PR0024-10, and the parties' agreement to have all probate matters regarding the estate of Florence S. Gutierrez handled together in PR0024-10. However, the re-scheduled hearing from that case was then heard as part of PR0024-10, as agreed by the parties.

A full evidentiary hearing was then scheduled in the matter for June 10, 2011, in order to allow Harry and the other heirs to contest both the validity of the will and the possible grant of letters of administration to Franklin. This hearing was held, however, at this hearing, both counsels appeared and elected by agreement to submit their respective arguments concerning the issues in writing through supplemental briefing. Harry Dean Gutierrez was the first to submit this briefing, and entitled his brief, "Memorandum of Points and Authorities in Support of Contest of Will *and Petition for Letters of Administration*." Probate Case No. PR0024-10,

Memorandum of Points and Authorities in Support of Contest of Will and Petition for Letters of Administration (filed June 28, 2011) (emphasis added). In this brief, it is admitted by Harry Dean Gutierrez that under 15 GCA § 1603, the Court "must now determine the issues and try any issue of facts involving . . . any other issue substantially affecting the validity of the will." Id., at p. 1, lines 24–25; and p. 2, lines 1–3.

The Court specifically found that under Guam law, it was required to determine testamentary intent in determining the validity of the will. Probate Case No. PR0024-10, Findings of Fact and Conclusions of Law, p. 6, lines 3–12 (May 21, 2012). The Court further explicitly found that the appointment of an administrator/executor of an "estate" was a factor which evidences a necessary testamentary intent, affecting the validity of the will. Id., at pp. 6–9. Accordingly, it was apparent that the determination of an administrator/executor was a necessary analysis in the determination of the issues before the Court. Id. In fact, this argument was made by Franklin J. Gutierrez in his "Memorandum of Points and Authorities in Opposition to Harry Dean Gutierrez's Contest of Will and Petition for Letters of Administration." Id., Mem. of P. & A. in Opp. to Harry Dean Gutierrez's Contest of Will and Pet. for Letters of Administration, p. 4, lines 18–25, and p. 6, lines 19–27 (filed July 26, 2011).

It is clear from the petitions, notices, and briefs filed that the issue of the appointment of an administrator/executor of the estate was at issue, was material to the determination of the validity of the will, and was actually contested by these parties. Harry Dean Gutierrez was afforded proper notice and several hearings at which he contested the admission of the holographic will and the appointment of Franklin J. Gutierrez as the executor of the estate. All of the substantive requirements of 15 GCA § 1515 were met, at several hearings, and there was no error under Rules 59(e) and 60(b).

2) The Court Erred by Appointing Franklin J. Gutierrez as Executor to Jose T. Gutierrez' Estate

Jose T. Gutierrez has no separate estate. Although the caption of PR0024-10 is labeled "In the Matter of the Estates of Jose Taitano Gutierrez and Florence S. Gutierrez," there has never been any separate estate of Jose Gutierrez to administer, by law. Accordingly, the Court

finds that it did err in making the broad finding that both Jose T. Gutierrez and Florence S. Gutierrez died testate. In fact, Harry Dean Gutierrez is correct in pointing out that Jose T. Gutierrez died in 1999, and that Jose T. Gutierrez never signed the holographic will at issue. Thus, the record supports no factual conclusion other than that Jose T. Gutierrez died intestate. The Court amends its Findings of Fact and Conclusions of Law of May 21, 2012, in accordance with this finding.

However, pursuant to 15 GCA § 1005(a), "when a married person dies intestate, . . . such interest passes to the surviving spouse subject to the provisions of Sections 1007 and 1009 of this Title, and no administration thereon shall be necessary." 15 GCA § 1005(a) (2012). Under subsection (b) of the same statute, no estate is established for the pre-deceased spouse who dies intestate, unless the surviving spouse elects to do so by filing a probate case requesting administration within four months of the date of the pre-deceased spouse's death, or another heir files a probate within the same time frame contesting the surviving spouse's inheritance and the passage of the property without administration. 15 GCA § 1005(b) (2012). Under 15 GCA § 1007, "After ninety (90) calendar days from death of a married person, the surviving spouse of such person or the personal representative or guardian of the estate of such surviving spouse shall have full power to sell, lease, mortgage or otherwise deal with and dispose of the community real property, . . . *The right, title and interest of any grantee*, purchaser, encumbrancer, or lessee *shall be as free of rights* of devisees or creditors of the deceased spouse *to the same extent as if the property had been owned as the separate property of the surviving spouse.* 15 GCA § 1007 (2012)(emphases added).

Upon passage of 90 days after Jose T. Gutierrez' death in 1999, no one elected to start a separate estate for any alleged separate property of Jose T. Gutierrez. Accordingly, as there was no will of Jose T. Gutierrez leaving any separate property to any other heir (Harry Dean Gutierrez emphatically asserts that Jose T. Gutierrez died intestate), all of his property passed to Florence S. Gutierrez, as his surviving spouse. Because Jose T. Gutierrez died intestate, and no probate case was opened, all of the property, including anything that could have been alleged to have been his separate property, passed to Florence through operation of 15 GCA § 1005 and

the laws of intestacy without contest and without administration. No administration of any alleged estate of Jose T. Gutierrez was necessary through operation of this law, and further, all of the property which passed to Florence S. Gutierrez became her own separate property, as the community was dissolved by the death of Jose T. Gutierrez. *See* 15 GCA § 1007. Accordingly, PR0024-10 is the probate case of the Estate of Florence S. Gutierrez, and is not the estate of her pre-deceased spouse, regardless of how the parties decided to caption the proceedings. It does not matter that Jose T. Gutierrez never signed the holographic will at issue, for the purposes of administration of any possible separate property. It does matter that Jose T. Gutierrez died intestate prior to the death of his spouse, because by the laws of succession, all of his property then passed to Florence S. Gutierrez at the time of his death, without administration, because no probate case was timely opened for his estate to contest the passage of his property. If any of the heirs of Jose T. Gutierrez believed that there was separate property of Jose T. Gutierrez which should have become part of a separate estate, or passed to them upon his death, those heirs had ninety days to begin probate proceedings. 15 GCA § 1005. No one did so, and thus, all of his property passed to Florence S. Gutierrez by operation of law, without administration.

Rule 61 of the Guam Rules of Civil Procedure, regarding "harmless error" provides in relevant part:

> no error or defect in any ruling or order or in anything done or omitted by the court . . . is ground for . . . vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. *The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.*

Guam R. Civ. P. 61 (2012) (emphasis added).

This rule specifically applies to both findings of fact and rulings of law made by a trial court. U. S. ex rel. Carter-Schneider-Nelson, Inc. v. Campbell, 293 F.2d 816, 821 (9th Cir. 1961)(Failure of the trial court to make certain factual findings was harmless, and would have constituted mere surplusage, when the court's correct conclusion on the issue presented precluded any recovery by plaintiff); *see also* Lloyds of London v. Transcontinental Gas Pipe

Line Corp., 101 F.3d 425, 428 (5th Cir. 1996) (quoting Barber v. Ruth, 7 F.3d 636, 641 (7th Cir.1993) ("... a trial court's erroneous rulings may be deemed harmless if the record indicates that the trial court would have rendered the same judgment regardless of the error.")). Under this rule, "[h]e who seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted." Palmer v. Hoffman, 318 U.S. 109, 116 (1943). Petitioner Harry Dean Gutierrez has failed to show how he is prejudiced by the Court's error in appointing Franklin J. Gutierrez as the executor of the "estate" of Jose T. Gutierrez, when the existence of such an estate is fiction, being without any demonstrated or proven assets requiring administration. All of the assets to which the heirs will lay claim are contained in the estate of Florence S. Gutierrez. Thus, even though there was an error in the findings of the Court, this error is irrelevant as to the ultimate result, and thus, harmless under Rule 61.

Accordingly, although the Court stated in its Findings of Fact and Conclusions of Law that both Florence S. Gutierrez and Jose T. Gutierrez died testate, and that Franklin J. Gutierrez was appointed as the executor of both estates, the Court amends this finding, to reflect that Jose T. Gutierrez died intestate in 1999, and therefore, through operation of intestate succession to his surviving spouse, does not, in fact and by law, have any separate estate to administer. However, this error was harmless and not prejudicial to the substantive rights of the parties, as contemplated under Rule 61. Dixon v. Southern Pac. Transp. Co., 579 F.2d 511, 513–14 (9th Cir. 1978) (even though there was clear error of the Court, the error was mere surplus which did not affect the substantial rights of the parties, or the outcome of the case, and was therefore harmless under Rule 61.)

The Court is not required to waste time in both appointing an executor for Florence S. Gutierrez because she died testate, and a separate administrator for Jose T. Gutierrez because he died intestate, as indicated by the Petitioner, Harry Dean Gutierrez, because Jose T. Gutierrez no longer has a separate estate. There is no evidence of any assets owned outside the marriage of Jose T. Gutierrez and Florence S. Gutierrez, nor was there ever any separate, timely probate case opened for Jose T. Gutierrez. Harry Dean Gutierrez has further failed to provide the Court with any evidence, argument, or citation to law supporting the idea that Jose T. Gutierrez has

any estate requiring administration. Consequently, there is no valid reason to appoint both an administrator for Jose T. Gutierrez and an executor for Florence S. Gutierrez in this case, which is, by operation of law, the probate matter for the estate of Florence S. Gutierrez, no matter how it has been captioned by the attorneys.

Accordingly, there is no error, as contemplated under Rules 59(e) and 60(b)(1). There is merely the Court's error in copying the caption utilized by the Petitioner's attorney in issuing its findings and judgment appointing Franklin J. Gutierrez as the executor for both the estate of Jose T. Gutierrez and the estate of Florence S. Gutierrez, when, by law, there is no estate for Jose T. Gutierrez for which there can be an executor. This is harmless error, as contemplated under GRCP Rule 61, which does not affect the substantive rights of the parties. The Court's erroneous use of language indicating the extraneous appointment of Franklin J. Gutierrez as the executor/administrator of the legally and factually fictitious estate of Jose T. Gutierrez does not affect the fact that Jose T. Gutierrez does not have a separate estate to administer, and does not affect the Court's appointment of Franklin J. Gutierrez as the executor to the only existing estate—that of Florence S. Gutierrez.

As a matter of fact and law, based upon the Court's record, there is no separate estate of Jose T. Gutierrez to administer. Accordingly, although the Court erred in relying upon the caption utilized by Petitioner's attorney, and thereupon utilizing language purporting to appoint Franklin J. Gutierrez as the executor of a legally non-existent estate, this error was harmless error under Rule 61. The Petitioner, Harry Dean Gutierrez has failed to show that there are any assets outside of the estate of Florence S. Gutierrez, or that he, or any of the other heirs who have joined in the filing of this motion, were prejudiced by the appointment of Franklin J. Gutierrez as executor to a non-existent estate with no assets for administration. There is no substantive error under Rules 59(e) and 60(b) in appointing Franklin J. Gutierrez as the executor to "both" estates, as the only existing estate is that of Florence S. Gutierrez, and Franklin J. Gutierrez has been appointed as the executor to that estate. Harry Dean Gutierrez does not contend that there are any separate assets for administration, and does not dispute the appointment of Franklin J. Gutierrez as executor to the estate of Florence S. Gutierrez, as

directed in her holographic will. Thus, the Court's appointment of Franklin J. Gutierrez as executor to the fictitious estate of Jose T. Gutierrez was merely extraneous, and did not affect the substance of the matters at issue in this case.

## CONCLUSION

Pursuant to Guam law, there is no separate estate of Jose T. Gutierrez to administer. 15 GCA §§ 1005 and 1007. The Court used language appointing Franklin J. Gutierrez as executor to "both" the estates of Jose T. Gutierrez and Florence S. Gutierrez because the case caption labeled the case as a dual estate, and the Court merely utilized the case caption in issuing its Findings of Fact and Conclusions of Law without conducting a full inquiry into whether this case caption was properly used by the Petitioner's attorney, and whether there was actually an estate left by Jose T. Gutierrez which was in need of administration. By the laws of intestate succession, PR0024-10 consists of the probate of only one estate, that of Florence S. Gutierrez, because no separate probate case was ever opened or administered for the estate of Jose T. Gutierrez within 90 days of his death. There is no estate of Jose T. Gutierrez, and thus, the appointment of Franklin J. Gutierrez as executor to the non-existent estate with no assets to administer was a legal fiction, and constituted harmless error under Rule 61. Finally, the Petitioner was provided proper notice and hearing was held pursuant to 15 GCA §§ 3401, 1515, and 1607. Accordingly, although the Court amends its Findings of Fact and Conclusions of Law in accordance with the analysis in this decision, the Court did not commit an error which materially affected the substantive rights of the parties as contemplated under GRCP Rules 59(e) or 60(b)(1), and the Petitioner's Motion to Reconsider is DENIED.

**IT IS SO ORDERED** this ~~Nov 0 8 2012~~ Nov 0 8 2012 .



**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

I hereby certify, that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

NOV 0 8 2012

Cynthia T. Tiong

Deputy Clerk, Superior Court of Guam